UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

In re: Sandra J Marshall
      Donald D Marshall                          CASE NO. 09-32842 SVK
      Debtor                                          (Chapter 7)

_____

TRUSTEE'S MOTION TO COMPROMISE CLAIM BY THE ESTATE
re: Personal Injury Case
_____

Virginia E. George, Successor Trustee in Bankruptcy of the above named estates(s) moves the court for an order authorizing the compromise of the claim of the estate on the terms and for the reasons stated below, pursuant to Federal Rule of Bankruptcy Procedure 9019. The Trustee moves the Court for such authority assuming no objections to said compromise are timely filed:

1. This case was filed as a chapter 7 on 09/03/2009.

2. The debtor's schedules indicate general unsecured pre-petition, non-priority creditors in the amount of $46,528.00.

3. The debtor's amended schedules listed a Personal Injury claim with a value of $50,000.00.

4. ANALYSIS OF PROPOSED COMPROMISE: The Debtor Donald Marshall's personal injury claim involves a claim against the Archdiocese of Milwaukee and its insurance carriers related to abuse the debtor husband suffered. The Archdiocese of Milwaukee filed its own bankruptcy (In re Archdiocese of Milwaukee, Case No: 11-20059-svk , United States Bankruptcy Court for the Eastern District of Milwaukee)and the debtor's bankruptcy estate has a claim

COMP (11/00)B9

pending therein.  At this time, the Archdiocese of Milwaukee has proposed to settle with the abuse survivors for 21 million dollars to be divided among 350 abuse survivors.  The amount to be awarded to the Marhsall bankruptcy estate is unknown at this time, however the Marshall claim will be analyzed by the claims reviewer and evaluated based on severity of the abuse, duration of the abuse and other factors and Donald Marshall's share of the 21 million dollar fund will be awarded the bankruptcy estate of Donald Marshall.  **The bankruptcy trustee is asking for authority to sign the release in favor of the Archdiocese of Milwaukee and related parties and agree to the claims reviewer's determination of the value of the claim of Donald Marshall and adjudication of the claim in the bankruptcy case of the Archdiocese of Milwaukee, Case No: 11-20059-svk, in the United States Bankruptcy Court for the Eastern District of Milwaukee**

a. The personal injury attorney representing the Marshall Bankruptcy estate attorney recommends the settlement and indicates the outcome at trial of the underlying claim could be less.  The probable benefit is the finality of a fair settlement vs the risk of trial.

b. Alternatives to compromise?   Continue litigation.

c. Litigation's Complexity and Attendant Expense?  Personal injury litigation by its very nature is complex.  Trustee estimates added expense for trial is $20,000.00 for expert witness testimony.

d. Any inconvenience and delay including possibility that disapproving settlement will cause wasting of assets?  Yes: It is urgent that the bankruptcy estate sign the release and return it to the attorney so it can be

filed with the bankruptcy court by November 3, 2015.

5. CREDITORS / CLAIMS FILED: The bar date has passed. The unsecured claims and tardy unsecured claims total $18,771.00. The estate's legal fees will be paid from the settlement at the rate of 40% of the gross settlement (that fee application will be submitted separately). The trustee anticipates administrative expenses including the trustee's commission and costs and costs of litigation will also be paid from the settlement amount. In addition, the debtor and his wife have claimed exemptions. The exemptions will be paid first. Tardy filed claims would be paid before any surplus is paid to the debtors.

6. EFFECT ON CREDITORS: This settlement will be available to be disbursed to creditors in the order of priority

Dated: October 23, 2015    /s/ Virginia E. George
Virginia E George S.C.